# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

In Re:
BANK OF NEWPORT SUMMONS

**LEILA JENKINS' MOTION TO QUASH SUMMONS**

Pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, Leila Jenkins ("Ms. Jenkins") hereby moves to quash a summons ("Summons") issued by the Internal Revenue Service ("IRS") to Bank Newport for a representative of Bank Newport to appear on July 17, 2008 to provide information regarding Ms. Jenkins' bank account at Bank Newport. Ms. Jenkins so moves on the grounds that she did not receive proper notice of the Summons, the Summons requires disclosure of confidential information, the information sought is irrelevant to the matter before the IRS and the Summons requires a non-party to travel more than 100 miles. In support of this motion, Ms. Jenkins submits the attached memorandum.

Respectfully submitted,
Leila Jenkins,
By her attorneys,

Steven Richard (#4403)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1020
Fax: (401) 454-1030
srichard@nixonpeabody.com

Dated: July 16, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of July, 2008, I filed this Motion to Quash electronically with the Court and sent a true copy of said Motion to Quash by electronic mail or facsimile and certified mail to:

Internal Revenue Service
300 Lock Road
Deerfield Beach, FL 33442-3801
Attn: Mr. D. Weinstein
Revenue Officer

Bank Newport
10 Washington Square
Newport, RI 02840
Attn: Dawn Cochran

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

In Re:
BANK OF NEWPORT SUMMONS

**LEILA JENKINS' MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUMMONS**

Leila Jenkins ("Ms. Jenkins") moves to quash the summons attached as Exhibit A ("Summons"), issued by the Internal Revenue Service ("IRS") to Bank Newport for a representative of Bank Newport to appear on July 17, 2008 to provide information regarding Ms. Jenkins' bank account at Bank Newport. This Court has the power to quash a subpoena pursuant to Fed. R. Civ. P. 45(c). Ms. Jenkins so moves on the grounds that she did not receive proper notice of the Summons, the Summons requires disclosure of confidential information, the information sought is irrelevant to the matter before the IRS and the Summons requires a non-party to travel more than 100 miles.

**Background**

A summons was issued to Bank Newport on June 17, 2008 seeking to have a representative of Bank Newport in Newport, Rhode Island appear before an officer of the Internal Revenue Service in Deerfield Beach, Florida to provide information about Ms. Jenkins Bank Newport bank account. Ms. Jenkins only recently received a copy of the Summons when a copy was sent from Bank Newport. Upon information and belief, the IRS is seeking to collect alleged personal income tax liabilities of Ms. Jenkins from the 2004 tax year. Until being contacted by Bank Newport regarding the Summons, Ms. Jenkins was not aware of these alleged tax deficiencies. Ms. Jenkins has since been cooperating with the IRS and is trying to resolve the

underlying factual issues that have caused the IRS to seek collection. At present, all collection proceedings by the IRS have been halted because Ms. Jenkins has requested a Collection Due Process Hearing before the IRS to investigate the accuracy of the alleged tax deficiency. Ms. Jenkins has requested documentation from the IRS to understand the alleged tax deficiency. Upon information and belief, Ms. Jenkins suspects that there has been improperly filed information returns (Form 1099) that have caused the alleged tax deficiency. Such returns were not prepared by Ms. Jenkins. It is Ms. Jenkins' goal to work with the IRS to correct any improperly filed documents and prove to the IRS that no tax liability for the 2004 tax year is due.

## Argument

### I. Ms. Jenkins Did Not Receive Adequate Notice of the Summons

As stated above, Ms. Jenkins was not provided with adequate notice of the Summons. She only received any information that the IRS was investigating her past tax returns when Bank Newport provided her with a copy of the Summons. The Internal Revenue Code ("IRC"), Section 7602(c)(1) prohibits the IRS from contacting any person other than Ms. Jenkins with respect to the collection of a tax liability without providing reasonable notice in advance to Ms. Jenkins that contacts with third parties may be made. Moreover, IRC Section 7609(b) specifically provides that Ms. Jenkins has the right to intervene and begin a proceeding to quash a summons to a third party. Ms. Jenkins has not been give adequate prior notice of the Summons and therefore, the Summons should be quashed.

### II. The Summons Requests Confidential Information

The Summons in this matter requests confidential information about Ms. Jenkins from Bank Newport. This information includes the type of account she has, the account number and

the current balance. The IRS has provided no reason for disclosure of such confidential information and accordingly, the Summons should be quashed.

## III. The Summons Requests Information That Is Not Relevant to the IRS Proceeding

As stated above, Ms. Jenkins believes that the IRS is seeking her bank account information from Bank Newport in an action regarding her tax returns for the year 2004. Ms. Jenkins in currently in the process of determining the issues with such tax returns and is cooperating with the IRS in its review of such returns. Ms. Jenkins present bank account information at the Bank Newport is not relevant to an IRS action regarding Ms. Jenkins' 2004 tax returns. Providing confidential banking information of Ms. Jenkins that is not relevant presents an undue burden on Ms. Jenkins and Bank Newport. In addition, the IRS has provided no basis pursuant to IRC Section 7602 or otherwise to support their request for such information. For example, it is premature to investigate the status of Ms. Jenkins' assets for purposes of possible collection of unpaid tax, while collection proceedings have been halted, Ms. Jenkins is cooperating with the IRS. Accordingly, the Summons should be quashed.

## IV. The Summons Requires A Representative From Bank Newport to Travel Over 100 Miles

The Summons requires a representative from Bank Newport in Newport, Rhode Island to appear before an IRS official at 300 Lock Road, Deerfield Beach, Florida. Pursuant to Federal Court Rule of Civil Procedure 45(c)(3)(iii), this Honorable Court may quash a subpoena that requires " a person that is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed or regulatory transacts business in person." Accordingly, the Summons should be quashed.

## Conclusion

For the reasons set forth above, Leila Jenkins requests that this Honorable Court quash the Summons.

Respectfully submitted,
Leila Jenkins,
By her attorneys,

Steven Richard (#4403)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1020
Fax: (401) 454-1030
srichard@nixonpeabody.com

Dated: July 16, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of July, 2008, I filed this Motion to Quash electronically with the Court and sent a true copy of said Motion to Quash by electronic mail or facsimile and certified mail to:

Internal Revenue Service
300 Lock Road
Deerfield Beach, FL 33442-3801
Attn: Mr. D. Weinstein
Revenue Officer

Bank Newport
10 Washington Square
Newport, RI 02840
Attn: Dawn Cochran

# EXHIBIT A

# Summons

In the matter of LEILA JENKINS, 227 AUSTRALIAN AVE, PALM BEACH, FL 33480

Internal Revenue Service (Division): SMALL BUSINESS/SELF EMPLOYED

Industry/Area (name or number): SB/SE AREA 3 (23)

Periods: Form 1040 for the calendar period ending December 31, 2004

## The Commissioner of Internal Revenue

To: BANKNEWPORT

At: PO BOX 450, NEWPORT, RI 02840

You are hereby summoned and required to appear before MR. D. WEINSTEIN, an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

The following information regarding any accounts with your bank on which the above taxpayer is named as a depositor is required:

(1) Type of account.

(2) Account number.

(3) Current balance.

If there are no such accounts, a statement to this effect is required.

## Attestation

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

[signature] REVENUE OFFICER, 65-03794

Signature of IRS Official Serving the Summons Title

Business address and telephone number of IRS officer before whom you are to appear:

300 LOCK ROAD, DEERFIELD BEACH, FL 33442-3801 (954) 725-1607

Place and time for appearance at: 300 LOCK ROAD, DEERFIELD BEACH, FL 33442-3801

on the 17th day of July, 2008 at 9:00 o'clock a.m.

Issued under authority of the Internal Revenue Code this 17th day of June, 2008

IRS
Department of the Treasury
Internal Revenue Service
www.irs.gov
Form 2039(Rev. 12-2001)
Catalog Number 21405J

MR. D. WEINSTEIN [signature] REVENUE OFFICER

Signature of Issuing Officer Title

[signature] [signature]

Signature of Approving Officer (if applicable) Title

Part A – to be given to person summoned