IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In re: BANK OF NEWPORT SUMMONS | ) | |
| | ) | |
| | ) | |
| | ) | MISC. NO. 08-57S |
| | ) | |
| | ) | |
| | ) | |

**UNITED STATES' MOTION TO DISMISS PETITION TO QUASH SUMMONS**

COMES NOW, the United States of America, and moves to dismiss the Petition to Quash Summons in its entirety for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000(ph)/401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In re: BANK OF NEWPORT SUMMONS | ) ) ) ) ) ) ) | MISC. NO. 08-57S |

**MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS PETITION TO QUASH SUMMONS**

The United States of America, by the undersigned counsel, files this Memorandum of Law in Support of its for Motion to Dismiss Petition to Quash Summons. Petitioner Leila Jenkins seeks to quash the Internal Revenue Service ("IRS") summons issued to Bank of Newport. This matter arises from collection activities related to Petitioner's federal income tax liability for the 2004 tax year. As set forth below, Petitioner lacks standing to maintain this suit, Petitioner failed to properly name and effect service on the United States, Petitioner's request for a Collection Due Process Hearing before the IRS does not preclude the IRS from issuing a collections summons seeking information as to a delinquent taxpayer's assets, and Federal Rule of Civil Procedure 45 cannot be used to quash an IRS summons because Rule 45 governs only subpoenas. Therefore, the Court should dismiss the Petition to Quash Summons.

**I. Facts**

Sections 7602 through 7609 of the Internal Revenue Code govern the procedure applicable to issuance, compliance, enforcement, and challenges of summonses. Section 7602 is a broad grant of authority that applies to all summonses issued as part of an investigation of tax liability. See United States v. Euge, 444 U.S. 707, 714 (1980); United States v. Arthur Young &

Co., 465 U.S. 805, 816 (1984). Section 7609 is a detailed description of the procedures which apply to, and rights created by, issuance of special category of summonses- third party summonses. One entitled to receive notice of a third-party summons may bring a proceeding to quash the summons. I.R.C. § 7609(b)(2).

The summons in this case was issued by Revenue Officer Dennis Weinstein. (Ex. A.) Revenue Officer Weinstein is a duly commissioned Revenue Officer with the Small Business/Self Employed Division of the IRS. (Ex. 1, Weinstein Decl. ¶ 1) As a Revenue Officer, Weinstein is authorized to issue IRS administrative summonses pursuant to 26 U.S.C. § 7602, 26 C.F.R. § 301.7602-1, and IRS Delegation Order No. 4 (as revised). (Ex. 1, Weinstein Decl. ¶ 1.).

Presently, the IRS is conducting collection activities related to the federal income tax liabilities of Leila Jenkins for tax year 2004. (Ex. 1, Weinstein Decl. ¶ 2.) As part of the investigation of Jenkins' ability to satisfy her tax liabilities, the IRS is requesting her bank and financial records. (Ex. 1, Weinstein Decl.¶ 2.) In furtherance of this examination, and in accordance with 26 U.S.C. §§ 7602 and 7603, on June 25, 2008, Revenue Officer Weinstein served an IRS administrative summons on Bank of Newport by certified mail. (Ex. 1, Weinstein Decl. ¶ 4.) The summons directed Bank of Newport to produce for examination the books, records, papers, and other data described in the summons. (Ex. 1, Weinstein Decl. ¶ 4.) The materials, the testimony, materials, books, records, papers, and other information sought are not already in the possession of the IRS. (Ex. 1, Weinstein Decl. ¶ 7.)

The information sought by the summons may be relevant to, and is designed to assist in the collection of the federal income tax liabilities of Leila Jenkins for the 2004 tax year.

(Weinstein Decl. ¶ 8.) The information and documents gained from the summons may assist the IRS in locating assets that are held by Leila Jenkins, or any other entity or person, as the nominee/alter ego and/or transferee of Jenkins. (Weinstein Decl. ¶ 8.) The IRS may use these assets to satisfy to federal income tax liabilities owed by the Leila Jenkins. (Weinstein Decl. ¶ 8.)

As of the date of this declaration, there is no Department of Justice referral in effect, as defined by 26 U.S.C. § 7602(d)(2). (Ex. 1, Weinstein Decl. ¶ 9.) Moreover, all administrative steps required by the Internal Revenue Code for the issuance of the summons were taken. (Weinstein Decl. ¶ 10.)

On July 4, 2008, the IRS filed a Notice of Federal Tax Lien. (Weinstein Decl. ¶ 11.) Thereafter, Petitioner submitted requests for a collection due process hearing. (Weinstein Decl. ¶ 11.) On or about July 16, 2008, Petitioner filed a Petition to Quash the subject summons. On or about July 16, 2008, Petitioner sent a copy of her Petition to Revenue Officer Weinstein. (Pet. at 3.) The filing of Petitioner's to Quash prevented the summonsed party, Bank of Newport, from complying with the summons on the appearance date of July 17, 2008. (Ex. 1, Weinstein Decl. ¶ 6.)

## II. Argument

### A. Law Governing Motions to Dismiss for Lack of Jurisdiction

"The district courts of the United States are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007). Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to seek dismissal of an action based on lack of subject matter jurisdiction. If jurisdiction is challenged, the party invoking jurisdiction has the burden of establishing it. Murphy v. United

States, 45 F.3d 520, 522 (1st Cir. 1995). When ruling on a motion to dismiss under Rule 12(b)(1), the court is required to construe the allegations in the complaint liberally in favor of the plaintiff. Aversa v. United States, 99 F.3d 1200, 1209-10 (1st Cir. 1996).

Matters outside the pleadings can be presented to and considered by the court in ruling upon a motion to dismiss for lack of subject matter jurisdiction.[1] See Gonzales v. United States, 284 F.3d 281, 288 (1st Cir. 2002); Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 37 (1st Cir. 2000); Miller v. George Arpin & Sons, Inc., 949 F. Supp. 961, 966 n. 8 (D.R.I. 1997) ("A court may consider affidavits, deposition testimony, and other extra-pleading material to determine whether subject matter jurisdiction exists."). "District courts have wide discretion to determine which procedures to employ in resolving the jurisdictional issue." Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 51 (1st Cir. 1992).

**B. There is No Waiver of Sovereign Immunity**

It is well-settled, that the United States is immune from suit, unless sovereign immunity has been waived. Kentucky v. Graham, 473 U.S. 159, 165-67. 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Shaw, 309 U.S. 495, 500-01 (1940)

It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued. United States v. Nordic Village, Inc., 503 U.S. 30 (1992); United States v. King, 395 U.S. 1, 4 (1969); United States v. Sherwood, 312 U.S. 584, 586

[1] Thus, documents attached hereto could be considered by the Court without converting the instant motion to a motion for summary judgment.

(1947). The burden is on the party bringing suit to demonstrate the United States has consented to suit. See Hill v. United States, 571 F.2d 1098, 1102-03 (9th Cir. 1978); Keesee v. Orr, 816 F.2d 545, 547 (10th Cir. 1987).

As with any other waiver of sovereign immunity, the terms of the statutory consent to suit define the scope of the district court's jurisdiction. United States v. Dalm, 494 U.S. 596, 608 (1990); James v. United States, 970 F.2d 750, 753 (10th Cir. 1992); Fostvedt v. United States, 978 F.2d 1201, 1202-03 (10th Cir. 1992). "[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." Soriano v. United States, 352 U.S. 270, 276 (1957). Where the United States has not consented to suit, a court lacks subject matter jurisdiction to hear the claim and dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is proper. See, e.g., United States v. Mitchell, 463 U.S. 206, 212 (1983); United States v. Murdock Machine and Engineering Co., 81 F.3d 922, 930 (10th Cir. 1996).

The Internal Revenue Code provides for authority for the issuance of third-party summonses in aid of the IRS's income tax assessment and collection activities. See I.R.C. § 7602. When a summons is issued to a third-party, the issuing agent is required to give notice to persons "identified in the summons" under certain circumstances. See I.R.C. § 7609(a). The agent is not required to give notice, however, where a summons is "issued in aid of collection of . . . an assessment made or judgment rendered against the person with respect to whose liability the summons is issued . . . ." I.R.C. § 7609(c)(2)(D).

Moreover, those persons with no right to notice under the statute likewise have no standing to bring suit to quash the summons. I.R.C. § 7609(b)(1). Courts that have considered

this issue have consistently found that, pursuant to this statutory exception, no notice need be given for a summons issued "in aid of collection." See Barmes v. United States, 199 F.3d 386, 390 (7th Cir. 1999)("We agree with the Tenth Circuit that as long as the third-party summons is issued to aid in the collection of any assessed tax liability the notice exception applies. Consequently, the IRS did not have to notify the Barmeses regarding the summons served on Community Bank."); Davidson v. United States, No. 97-1244, 1998 WL 339541, at *1 (10th Cir. June 9, 1998) ("if a summons is issued in aid of collection, no notice is required, and the district court does not have subject matter jurisdiction over a petition to quash the summons") (attached as Ex. 2); Rosingana v. United States, No. Misc. S-07–88 LEW KJM, 2008 WL 183502, at *1 (E.D. Cal. June 18, 2008) (holding that petitioner has no standing to bring action where revenue officer submitted affidavit indicating summons issued to bank was in aid of collection) (attached as Ex. 3); Sherbondy v. United States, No. 07-cv-01426-JLK-MEH, 2007 WL 2889447 (D. Colo. Sept. 27, 2007) ("Because the summons was issued in aid of collection activities for taxes already deemed to be owed, neither Mr. Sherbondy nor his wife was entitled to notice of the summons under 26 U.S.C. § 7602(c)(2)(D) and Mr. Sherbondy lacks standing to challenge it.") (attached as Ex. 4); C.I.R. v. Hayes, 631 F.Supp. 785 (N.D. Cal. 1985) ("Since the summons at issue in the present case clearly represents an attempt to collect on the petitioner's tax liability for the assessed years of 1979 and 1980, it squarely falls within the exception to the notice requirements set forth in subsection (c).")

It is undisputed that the summons at issue in this case was issued to a third party in aid of the collection of the tax liabilities of Leila Jenkins. (Pet. ¶¶ 1, 3; Weinstein Dec. ¶ 2.) That summons, issued to Bank of Newport, sought information pertinent to Revenue Officer

Weinstein's investigation regarding the assets of Leila Jenkins. (Weinstein Dec. at ¶ 8.) Because Section 7609(b)(2) does not apply to any summons issued in aid of collection, and no other statute waives sovereign immunity for the instant suit, this action should be dismissed for lack of jurisdiction.

**B. The Court Lacks Personal Jurisdiction Over the United States Because the United States Has Not Been Named a Party to this Action and the United States Has Not Been Served Pursuant to Federal Rule of Civil Procedure 4(i)**

In order to effect service on the United States, Petitioner, in addition to serving the officer or employee, must send copies of the summons and petition to the Attorney General of the United States and the local United States Attorney and, in this instance, the Revenue Officer issuing the summons. Fed. R. Civ. P. 4(i).

Here, Petitioner seeks to quash the summons issued by the IRS, but yet failed to name any party, let alone the United States as the proper party to this suit. Moreover, Petitioner has also failed to comply with Fed. R. Civ. P. 4(i). Petitioner has not served the local United States Attorney and has not served the United States Attorney General with the summons and petition. The Certificate of Service on the Petition shows that the Petitioner has failed to serve this pleading on the United States. The Court's PACER docket sheet for this case further shows that no summonses were issued as to the United States Attorney, the United States Attorney General, and Revenue Officer Weinstein. Because Petitioner failed to effect service in compliance with Rule 4(I), this Court lacks personal jurisdiction over the United States and the case must be dismissed. See Micklus v. Carlson, 632 F.2d 227, 240 (3d Cir. 1980); Relf v. Gasch, 511 F.2d 804, 807-08 (D.C. Cir. 1975).

### C. Issuing a Third–Party Summons Is Not Precluded By Petitioner's Request For a Collection Due Process Hearing

______Petitioner argues, without citing to any authority, that a summons cannot be issued while a Collection Due Process Hearing is pending. Contrary to Petitioner's argument, a pending collection due process hearing prevents the IRS only from executing on a levy action that is being challenged. See I.R.C. §§ 6320(c), 6330(e). Section 6320 of the Internal Revenue Code provides that after IRS files the notice of lien, taxpayers are entitled to notice of this and an opportunity to request a hearing. If a taxpayer requests such a hearing, under 26 U.S.C. § 6330(e), incorporated by reference by 26 U.S.C. § 6320(c), all "levy actions which are the subject of the requested hearing" shall be suspended while the hearing and any appeals therefrom are being conducted. Notably, in this case, Petitioner cannot establish that there is an outstanding levy action that is the subject of the Collection Due Process Hearing.

Even assuming there is an outstanding levy action in this case, a pending due process hearing on that levy action prevents the IRS from executing on the levy being challenged, it does not preclude the IRS from taking other collection actions such as issuing a collection summons seeking information as to a delinquent taxpayer's assets. See 26 C.F.R. § 301.6320-1 (1)(g)(2), A-G3 ("The IRS . . . may take other non-levy collection actions such as initiating judicial proceedings to collect the tax shown on the [Collection Due Process] Notice or offsetting overpayments from other periods, or of other taxes, against the tax shown on the CDP Notice."); Holland v. United States, No. 05-CV-135-CVE-PJC, 2005 WL 2176111, at *1-5 (N.D. Okla. Aug. 8, 2005) (granting government's motion to dismiss where Petitioner unsuccessfully argued that request for Collection Due Process Hearing prohibited collection summons) (attached as Ex.

5).

**D. Petitioner's Argument that the Summons Should Be Quashed Pursuant to Federal Rule of Civil Procedure 45(c)(3)(B)(A)(ii) is Without Merit Because Rule 45(c)(3)(A)(ii) Pertains to Subpoenas, and the IRS Summons Is Not a Subpoena**

Petitioner argues that the summons should be quashed pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(ii)[2]. Federal Rule of Civil Procedure 45(c)(3)(A)(ii) provides that the issuing court must quash or modify a subpoena that "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person . . . " Because the IRS summons is not a subpoena, Petitioner's argument is without merit.

## III. Conclusion

Based on the foregoing, the United States respectfully requests that the Court dismiss the Petition to Quash Summons.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000(ph)/401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

[2] Petitioner incorrectly cites to Federal Rule of Civil Procedure 45(c)(3)(iii) which does not exist. (See Pet. Mem. Supp. Mot. to Quash at 3.)

**CERTIFICATION OF SERVICE**

I hereby certify that on this 6th day of August, 2008, I caused to be electronically filed the within Motion to Dismiss and Memorandum in Support of Motion to Dismiss, with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participant(s), as identified on the Notice of Electronic Filing, have received notice electronically:

Steven Richard
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000(ph)/401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov