**(Table, Text in WESTLAW), Unpublished Disposition**
**149 F.3d 1190, (C.A.10 (Colo.))1998 WL 339541**

Davidson v. U.S.
C.A.10 (Colo.),1998.
NOTICE: THIS IS AN UNPUBLISHED OPINION.(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. See CTA 10 Rule 32.1 before citing.)

United States Court of Appeals, Tenth Circuit.
Katherine DAVIDSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
**No. 97-1244.**

June 9, 1998.

Before HENRY, Circuit Judge, HOLLOWAY, Senior Circuit Judge, and LUCERO, Circuit Judge.

ORDER AND JUDGMENT[FN*]

FN* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

*1 Petitioner Katherine Davidson appeals the district court's grant of the government's motion to dismiss for lack of subject matter jurisdiction. "We review the question of a district court's subject matter jurisdiction de novo...."*Fostvedt v. United States,* 978 F.2d 1201, 1202 (10th Cir.1992). Likewise, we review de novo the district court's interpretation of a federal statute. *Utah v. Babbitt,* 53 F.3d 1145, 1148 (10th Cir.1995). Finding no error, we affirm.

I. STATEMENT OF FACTS

The Internal Revenue Service ("IRS") assessed federal income tax liability against Sidney Davidson, Ms. Davidson's husband. IRS Officer Eileen Newman conducted an investigation to locate assets to satisfy Mr. Davidson's tax liability. In the course of her investigation, Ms. Newman discovered that in 1992, Mr. Davidson had attempted to transfer his interest in his marital home to Ms. Davidson. Ms. Newman accordingly issued a summons to Ms. Davidson's bank to determine whether other such transfers had been attempted. In response to the summons, she received documentation indicating that in 1996, Ms. Davidson deposited a total of $51,126.85 into her account. Ms. Newman then issued a second summons, the one at issue in this case. The second summons sought information about the source of those deposits.

Upon learning that the IRS served the summons on a third-party recordkeeper, i.e., her bank, Ms. Davidson filed this action in federal district court, seeking to quash the summons. The government filed a motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). At a hearing, the district court granted the government's motion.

II. DISCUSSION

When an IRS summons issued to a third-party recordkeeper requires "the production of any portion of records made or kept of the business transactions or affairs of any person ... who is identified in the description of the records contained in the summons," then the person identified is entitled to notice of the summons. 26 U.S.C. § 7609(a)(1). The IRS, however, is not required to give notice of the summons if

(B) it is in aid of the collection of-

(i) the liability of any person against whom an assessment has been made or judgment rendered, or

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT 2

(ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i).

26 U.S.C. § 7609(c)(2). A person has the right to bring a proceeding to quash a summons only if he or she is entitled to notice. 26 U.S.C. § 7609(b)(2). Thus, if a summons is issued in aid of collection, no notice is required, and the district court does not have subject matter jurisdiction over a petition to quash the summons.

The government argues, and the district court agreed, that the summons was issued "in aid of the collection of" Mr. Davidson's unpaid assessed tax liability. Ms. Davidson, on the other hand, argues that the trial court construed the "in aid of the collection" exception too broadly because she herself has no tax liability, and the account was in her name alone. In support of her position, she cites *Robertson v. United States,* 843 F.Supp. 705 (S.D.Fla.1993).

*2 In *Robertson,* the IRS issued a summons to Ms. Robertson's bank in connection with the tax liability of a couple named Sloan. *Id.* at 705.Ms. Robertson filed a petition to quash the summons, arguing that she had no legal or business relationship with the Sloans. Furthermore, she argued that the Sloans did not hold any legal or equitable interest in her bank account. The government filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the summons was issued in aid of the collection of the Sloans' tax liability. The district court denied the government's motion. In so doing, the court interpreted the "in aid of the collection" exception narrowly. That is, according to the *Robertson* court, the IRS must give notice unless "the *taxpayer* whose tax liability has been assessed has a recognizable interest in the records summoned."*Id.* at 706.

The district court distinguished *Robertson* by noting that Ms. Robertson was not related to the taxpayers against whom liability had been assessed, whereas in the case at bar, the petitioner is married to the taxpayer. Aplt's App. at 70. The district court instead relied on *Serafine v. United States,* No. C-81-1572-WTS, 1981 WL 1791 (N.D.Cal. Apr.30, 1891). In *Serafine,* the IRS served a summons on the plaintiff's bank, seeking bank records concerning the plaintiff or her husband with respect to her husband's tax liability. *Id.* at *1. The plaintiff brought an action to enjoin the enforcement of the summons. The government moved to dismiss, and the district court granted the motion. The court noted that the government could establish that the summons was issued in aid of the collection of plaintiff's husband's taxes. *Id.* at *2. Furthermore, the court stated that "it is manifest that plaintiff's bank records may produce relevant information with regard to a possible commingling of her funds with her husband's."*Id.* at *3.

Ms. Davidson argues that *Serafine* is inapposite because that case arose in a community property state, whereas her case arose in a state where community property laws are not in effect. Whether or not community property laws apply, the fact remains that the statute does not require the IRS to give notice when it issues a third-party recordkeeper summons "in aid of the collection of the liability of *any* person against whom an assessment has been made."26 U.S.C. § 7609(c)(2)(B)(i) (emphasis added). Here, the IRS was investigating whether a taxpayer fraudulently transferred funds to his wife. We agree with the district court that the summons was issued in aid of the collection of Mr. Davidson's taxes and, therefore, that Ms. Davidson was not entitled to notice. Thus, the district court did not have subject matter jurisdiction to consider her petition.

*3 Ms. Davidson further argues that because the district court stated that she had standing, the court really did not grant the government's motion to dismiss for lack of subject matter jurisdiction, but, instead, denied her petition to quash on the merits. From a reading of the transcript of the hearing, we think it is plain that the district court simply misspoke when it stated that Ms. Davidson had stand-

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

ing. *See* Aplt's App. at 70 ("I will say that I find that the petitioner does have standing...."). From this statement, the district court was not implying that Ms. Davidson was entitled to notice of the summons. The hearing was clearly on the government's motion to dismiss for lack of subject matter jurisdiction. Aplt's App. at 60 ("The motion to dismiss for lack of jurisdiction must take precedence.") Moreover, at the close of the succinct motion hearing, the court stated that the summons was issued in aid of collection, and, therefore, no notice was required. *Id.* at 70.

Although immediately after making this statement, the court said, "The petition to quash is denied," it is clear that what the court was doing was granting the government's motion to dismiss the petition to quash. *Id.* Ms. Davidson's counsel never asked for a clarification of the court's ruling. In fact, Ms. Davidson's notice of appeal bears out the fact that counsel understood the court to be granting the government's motion. The notice of appeal states that Ms. Davidson appeals "from a bench order granting the United States' Motion to Dismiss Petition to Quash."*Id.* at 74.Because the district court correctly dismissed for lack of subject matter jurisdiction and never reached the merits of Ms. Davidson's case, we need not consider her second issue on appeal, namely, whether the summons satisfied the good faith requirements set forth in *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964).

Finally, Ms. Davidson argues that because the court's ruling was, in actuality, a ruling on the merits, we must remand her case for the district court to enter findings of fact pursuant to Fed.R.Civ.P. 52(a). According to Rule 52(a), "[i]n all actions tried upon the facts without a jury ... the court shall find the facts specially and state separately its conclusions of law thereon...." We have already determined that the court did not rule on the merits, but, instead, granted the government's motion to dismiss for lack of subject matter jurisdiction. "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12..." with exceptions not relevant here. Fed.R.Civ.P. 52(a). Thus, the district court was not required to enter findings of fact.

For the foregoing reasons, we AFFIRM the judgment of the district court.

C.A.10 (Colo.),1998.
Davidson v. U.S.
149 F.3d 1190, 1998 WL 339541 (C.A.10 (Colo.)), 81 A.F.T.R.2d 98-2238, 98-1 USTC P 50,483, 98 CJ C.A.R. 3064

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.