**C**
Sherbondy v. U.S.
D.Colo.,2007.

United States District Court,D. Colorado.
Christina SHERBONDY, Petitioner,
v.
UNITED STATES of America, Respondent.
**Civil Action No. 07-cv-01426-JLK-MEH.**

Sept. 27, 2007.

Christina L. Sherbondy, Leadville, CO, pro se.
Aaron Michael Bailey, U.S. Department of Justice, Tax Division, Washington, DC, for Respondent.

**ORDER GRANTING MOTION TO DISMISS**

KANE, J.
***1** *Pro se* Petitioner Christina Sherbondy initiated this action seeking to **quash** an IRS **summons** issued to Countrywide Home Loans as part of ongoing activities by the IRS to collect on her husband's alleged tax liabilities. Only the husband was named on the summons, which seeks copies of loan applications and related materials in the possession of Countrywide and purports to be in aid of efforts to collect federal tax liabilities. Sherbondy premises her Petition to **Quash Summons** on 26 U.S.C. § 7609(b), which describes special procedures for challenging third-party summonses by the IRS under 26 U.S.C. § 7602 and other statutory provisions inapplicable here.

The government contends Sherbondy lacks standing to proceed under 26 U.S.C. § 7609(b) and moves to dismiss for lack of subject matter jurisdiction. In the alternative, for lack of personal jurisdiction over the government based on faulty service under Fed.R.Civ.P. 4(i). I agree, and DISMISS the Petition to Quash.

The rights of intervention and to challenge third-party summonses under § 7609(b) are narrowly prescribed, affording only those persons entitled to specific notice of a **summons** the right to intervene or proceed to **quash** it.§ 7609(b)(1). Because the **summons** was issued in **aid** of **collection** activities for taxes already deemed to be owed, neither Mr. Sherbondy nor his wife was entitled to notice of the summons under 26 U.S.C. § 7602(c)(2)(D) and Mrs. Sherbondy lacks standing to challenge it. *See Barmes v. United States,* 199 F.3d 386, 390 (7th Cir.1999)(finding "guidance" in the Tenth Circuit's unpublished decision in *Davidson v. United States,* 149 F.3d 1190 (TABLE), 1998 WL 339541 (10th Cir.1998)).

Because I am without subject matter jurisdiction over Mrs. Sherbondy's Petition, I do not reach the government's alternative argument regarding inadequacy of service.

D.Colo.,2007.
Sherbondy v. U.S.
Slip Copy, 2007 WL 2889447 (D.Colo.), 100 A.F.T.R.2d 2007-6224, 2007-2 USTC P 50,726

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT 4