**C**
Holland v. U.S.
N.D.Okla.,2005.

United States District Court,N.D. Oklahoma.
Vernon O. HOLLAND, Plaintiff,
v.
UNITED STATES OF AMERICA, Defendant.
**No. 05-CV-135-CVE-PJC.**

Aug. 8, 2005.

Vernon O Holland, Tulsa, OK, for Plaintiff.
Joan Stentiford Ulmer, US Department of Justice, Washington, DC, for Defendant.

*ORDER*

EAGAN, J.
***1** On July 18, 2005, United States Magistrate Judge Paul J. Cleary entered a Report and Recommendation (Dkt.# 14) with regard to a motion by the United States to dismiss plaintiff's petition to quash a third-party summons issued in this matter. (Dkt.# 7). The Magistrate Judge concluded that plaintiff was not entitled to notice of the summons in question under 26 U.S.C. § 7609(a) and, therefore, lacks standing to bring a proceeding to quash the summons in question. Accordingly, the magistrate judge recommended that this Court grant the government's motion to dismiss plaintiff's petition.

No objection has been filed to the Report and Recommendation, and the ten-day time period for such objections under Rule 72(b) of the Federal Rules of Civil Procedure has run. *See*Fed.R.Civ.P. 72(b). The Court has also independently reviewed the Report and Recommendation and sees no reason to modify or reject the findings and recommendations contained therein.

Accordingly, the Report and Recommendation (Dkt.# 14) is hereby accepted. Defendant's Motion to Dismiss Petition to Quash Third-Party Summons (Dkt.# 7) is granted. This case is hereby dismissed.

IT IS SO ORDERED.

REPORT AND RECOMMENDATION

Petitioner Vernon O. Holland ("Holland") filed a Petition to Quash Summons issued by the Commissioner of Internal Revenue to third-party Chase [Bank] in Fort Worth, Texas for records pertaining to transactions relating to Holland. (Dkt.# 2). In response, the United States on behalf of the Internal Revenue Service (hereinafter "IRS") has filed a Motion to Dismiss the Petition to Quash Summons (Dkt.# 7). Both matters have been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

The IRS issued summons on February 14, 2005 to Chase at P.O. Box. 901008, Ft. Worth, Texas, to appear before Special Compliance Officer Fred Rice ("Rice") in Oklahoma City, Oklahoma, and provide documents and records pertaining to all of Holland's personal and business accounts, whether individual or joint, including the following: monthly statements, cancelled checks, deposit slips, certificates, loans, signature cards, safe deposit box rental agreements, credit cards, merchant cards, escrow records, income tax returns, financial statements, requests for wire transfer and description of all assigned collateral. *Summons,* Ex. A. to Petition to Quash Summons (Dkt.# 2). The Summons seeks the records "relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning [Holland]" and provides that the summons is "EXEMPT from the notice requirements pertaining to third party summonses."*Id.*

Holland, who resides in Tulsa, Oklahoma, filed a Petition to Quash the Summons in this Court on March 11, 2005. *Petition* (Dkt.# 2) Holland states that he did not receive notice of the issuance of the summons; rather, Rice informed him in a returned

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT 5

phone call on March 8, 2005 that Rice had issued third-party summonses for tax periods 1998, 1999 and 2000. *Petitioner's Response in Opposition to United States' Motion to Dismiss, p. 15* (Dkt.# 10). In that phone call Holland states he told Rice that he had requested a Collection Due Process ("CDP") hearing and that any collection action by the IRS during the CDP proceedings was statutorily prohibited; nonetheless, Rice refused to withdraw the summons *Id.*

***2** The IRS moves to dismiss the petition to quash contending that this Court lacks jurisdiction as the summons was issued in Fort Worth, Texas, and the United States District Court for the Northern District of Texas has jurisdiction over the matter. The IRS contends that Chase Bank neither resides nor is found in the Northern District of Oklahoma and therefore this Court lacks subject matter jurisdiction to consider Holland's petition. Further, the IRS argues that even if jurisdiction were proper here, Holland lacks standing to bring the petition as he is not entitled to notice of a third-party collection summons under 26 U.S.C. § 7609(a)(1). In support, the IRS cites the Declaration of Joan S. Ulmer ("Ulmer"), the attorney representing the United States in this case, which attaches copies of transcripts identifying the character and amounts of Holland's assessed tax liability for tax years of 1982-83, 1993-97. *Ex. A-J, Declaration* (Dkt.# 13). Finally, the IRS asserts that the petition should be dismissed as untimely because it was not filed within twenty days of the service of summons upon Chase Bank as required by 26 U.S.C. § 7609(b)(2)(A).

Holland responds that the Court has jurisdiction over his petition to quash as the Court can take judicial notice that Chase Bank has branches or outlets throughout Oklahoma, including the Northern District. Holland also asserts that the IRS was required to serve him notice of the third-party summons on Chase Bank as the IRS has not established that the summons was served *solely* to effect the collection of an assessed tax as required by 26 U.S.C. § 7609(c)(2)(D). Further, Holland contends that timeliness of his petition to quash is not an issue as the IRS did not serve him with notice. Finally, Holland asserts that if the summons is, as the IRS represents, a collection summons, the IRS is statutorily barred from bringing a collection action as he has requested and is entitled to a collection due process hearing.

The summons at issue in this case is a third-party summons to Chase Bank, as recordkeeper of the petitioner Holland's records. A motion to quash a third-party summons is governed by 26 U.S.C. § 7609(h)(1) which provides that the district court "for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine" motions/petitions to quash third-party summons. This is not a venue provision, but rather a jurisdictional requirement by statute. *Pflum v. United States,* 125 F.3d 862, 1997 WL 606909 at ----2 (10th Cir.); *Masat v. United States,* 745 F.2d 985, 987-88 (5th Cir.1984); *Fortney v. United States,* 59 F.3d 117, 119 (9th Cir.1995). The Fifth Circuit in *Masat* explained the purpose of this jurisdictional limitation:

> The provision conferring jurisdiction on the district in which the summoned person is found is obviously a companion to the provision permitting a summons to be issued initially in the place where that person is found. It is not intended to permit a summons directed to a third-person recordkeeper at that recordkeeper's residence to be challenged wherever else in the world the recordkeeper may be found.
>
> ***3** There is a sound rationale for this limitation of jurisdiction. The taxpayer's motion to quash is directed towards an existing summons issued by the IRS to the third-party recordkeeper. Given Congress's twin goals of shifting to the taxpayer the burden of instituting an action to quash an IRS summons issued to a third-party recordkeeper and of removing the delays in tax investigations, it is only logical that jurisdiction be vested in the district where the summons is to be

answered. Allowing jurisdiction to be determined by the location of the taxpayer ... would force the mountain to come to Mohammed, and would undercut both objectives of Section 7609.

*Masat,* 745 F.2d at 987-88.

The IRS issued the summons on Chase Bank in Ft. Worth, Texas where Holland's bank records are kept. It is undisputed that Chase Bank resides and is found in Ft. Worth, Texas, within the Northern District of Texas. Thus, pursuant to 26 U.S.C. § 7609(h), any motion to quash the summons is properly filed in the Northern District of Texas.

Holland argues that jurisdiction is proper in this Court as Chase Bank is also "found" in the Northern District of Oklahoma:

Ten (10) Tulsa bank branches have a new look, because Bank One and JP Morgan Chase merged last year. The company is having to change more than 600 signs across the country from "Bank One" to "Chase". JP Morgan Chase has 35 branches across Oklahoma, and ten of them are in Tulsa alone.

*Petitioner's Response, pp. 1-2* (Dkt.# 10). Holland, however, has failed to come forward with any evidence to this effect, and asks the Court to take judicial notice. Although the Court may take judicial notice of adjudicative facts,[FN1] that fact "must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."Fed.R.Evid. 201(b); *United States v. Boyd,* 289 F.3d 1254, 1258 (10th Cir.2002). This "fact" meets neither criterion.

FN1."Adjudicative facts are simply the facts of the particular case."Advisory Committee Notes, Fed.R.Evid. 201.

As Holland has failed to establish this Court's jurisdiction, the undersigned recommends that Holland's petition to quash be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

Even if jurisdiction were proper in this Court, the IRS's motion to dismiss should be granted as Holland lacks standing to quash the summons. Section 7609(b) identifies persons who have a "right to begin a proceeding to quash" a summons issued by the IRS, such as that initiated here, as those "entitled to notice of a summons under subsection (a)."26 U.S.C. § 7609(b)(2).Section 7609(a) requires notice be given to any person identified in the summons if the summons (1) is served on a third-party recordkeeper and (2) requires the production of any records made or kept on or relating to the person identified in the summons. 26 U.S.C. § 7609(a)(1). Both requirements are met here as the IRS issued the summons to Chase Bank, a third-party recordkeeper, seeking records relating to Holland's transactions. Thus, Holland would be entitled to notice under § 7609(a) unless the summons falls within the exceptions set forth in § 7609(c).

*4 The IRS contends that pursuant to 26 U.S.C. § 7609(c) the summons is excepted from the notice provisions. The pertinent exception in § 7609(c) states that the notice provisions of the statute do not apply to any summons -

(D) issued in aid of the collection of-

(i) an assessment made or judgment rendered against the person with respect to whose liability the summons is issued....

26 U.S.C. § 7609(c)(2)(D)(i). The IRS states that the summons expressly seeks records relating to the collection of Holland's tax liability. In support, the IRS submits Ulmer's Declaration and attached copies of transcripts identifying assessments of that liability for tax years 1982-83 and 1993-97. *Ex. A-J, Ulmer Declaration* (Dkt.# 13). The IRS argues that because the summons is exempted from the statutory notice requirements, Holland has no right to notice of the summons and no standing to petition

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

to quash it.

Holland counters that the Congressional House Report pertaining to § 7609C) (2)(D)(i) directs that this notice exception applies only when the records are summoned *"solely* for the purposes of collection."As the subject summons states three purposes-*i.e.,* to aid in collection, to determine tax liability and to otherwise investigate him for potential offenses-the summons was not issued *solely* for purposes of collection and therefore does not fall within the collection summons exception. He alleges that the IRS issued the summons for the primary purpose of investigating the possibility that Holland has other tax liability, evidenced by the IRS's broad request and its use of a "regular" or Form 2039 summons rather than a collection or Form 6637, 6638, or 6639 summons.

This same argument was unsuccessfully urged by the taxpayer in *Pflum v. United States,* 125 F.3d 862, 1997 WL 606909 (10th Cir.). In *Pflum,* the taxpayer complained that the IRS summons issued to a financial institution did not fall within the collection exception of § 7609(c)(2)(D) because it sought testimony and data " 'relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws," 'language identical to that in Form 2039 and thus to the summons issued to Chase Bank in this case. *Id.* at ----2 (emphasis omitted). Citing the House Report Holland relies upon, the taxpayer in *Pflum* argued that the summons was not excepted from § 7609(a) notice requirements because it sought information for the listed three purposes and not *solely* for the purposes of collection. *Id.* The Tenth Circuit rejected the argument, finding that the word *solely* "did not survive the legislative process and is not contained in the statute, which provides simply that proceedings to quash are not authorized if a summons is 'in aid of the collection of [ ] the liability of any person against whom an assessment has been made or judgment rendered." ' *Id.* The circuit court further found that although there were "other forms upon which the IRS can issue a summons, ... the fact that the summons issued ... includes, as *one* of its purposes, aid in the collection of an assessed tax liability" satisfies regulatory requirements. *Id.* at ----3 (emphasis added). Relying on the language of the summons and the testimony of the IRS agent that the summons was issued to aid in the collection of an assessed penalty against the taxpayer, the circuit court affirmed the district court's dismissal of the taxpayer's petition to quash. *See also Barmes v. United States,* 1998 WL 918525 at *5 (S.D.Ill.1998) (The exception to summonses set forth in § 7609(c)(2) "includes summonses which are issued for more than one purpose, as long as the primary purpose is for aiding in the collection and there is no other evidence that the IRS seeks the information for any other reason.").

*5 Based on the language of the IRS's summons to Chase Bank, the Ulmer Declaration and the Tenth Circuit's decision in *Pflug,* the undersigned concludes that Holland was not entitled to notice of the summons under § 7609(a) as the summons falls within the collection summons exception under § 7609(c)(2)(D)(i). As Holland is not a person "entitled to notice of a summons" under § 7609(a), he may not bring a proceeding to quash the summons. 26 U.S.C. § 7609(b)(2). Thus, even if Chase Bank were "found" in the Northern District of Oklahoma and a petition to quash could be filed with this Court, this case must be dismissed as Holland lacks standing to bring the petition.

For the reasons stated above, the undersigned recommends that the Motion of the United States to Dismiss Petition to Quash Third-Party Summons (Dkt.# 7) be granted.

Objections to Report and Recommendation

The District Judge assigned to this case will conduct a de novo review of the record and determine whether to adopt or revise this Report and Recommendation or whether to recommit the matter to the

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

undersigned. As part of her review of the record, the District Judge will consider the parties' written objections to this Report and Recommendation. A party wishing to file objections to this Report and Recommendation must do so within ten days after being served with a copy of this Report and Recommendation. *See*28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The failure to file written objections to this Report and Recommendation may bar the party failing to object from appealing any of the factual or legal findings in this Report and Recommendation that are accepted or adopted by the District Court. *See Moore v. United States,* 950 F.2d 656 (10th Cir.1991); and *Talley v. Hesse,* 91 F.3d 1411, 1412-13 (10th Cir.1996).

N.D.Okla.,2005.
Holland v. U.S.
Not Reported in F.Supp.2d, 2005 WL 2176111 (N.D.Okla.), 96 A.F.T.R.2d 2005-5667

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.