UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In Re: | : | |
| BANK OF NEWPORT SUMMONS | : | Case: 1:08-mc-00057 |

**LEILA JENKINS' OBJECTION TO UNITED STATES'**
**MOTION TO DISMISS PETITION**

Petitioner, Leila Jenkins, hereby objects to the United States' Motion to Dismiss Petition to Quash Summons for the reasons set forth in the attached Memorandum of Law in Support of Objection to Motion to Dismiss.

Leila Jenkins hereby requests that the Court deny the United States' Motion to Dismiss.

Respectfully submitted,
Leila Jenkins,
By her attorneys,

/s/ Linn F. Freedman
Linn F. Freedman (#4778)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1108
Fax: (866) 807-6614
Email: lfreedman@nixonpeabody.com

Dated: August 25, 2008

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2008, I electronically filed the within Leila Jenkins' Objection to United States' Motion To Dismiss Petition with the United States District Court for the District of Rhode Island. The following parties have received notice electronically:

Ly T. Nguyen, Esq.
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Email: ly.nguyen@usdoj.gov

Girard A. Galvin, Esq.
Corcoran, Peckham, Hayes & Galvin, PC
31 America's Cup Avenue
Newport, RI 02840
Email: ggalvin@cphglaw.com

/s/ Linn F. Freedman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In Re: | : | |
| BANK OF NEWPORT SUMMONS | : | Case: 1:08-mc-00057 |

**MEMORANDUM IN SUPPORT OF OBJECTION TO UNITED STATES' MOTION TO DISMISS PETITION TO QUASH SUMMONS**

Petitioner, Leila Jenkins ("Jenkins") hereby objects to the United States' Motion to Dismiss Petition to Quash Summons for the reasons set forth below and requests that the Court deny the Motion.

**I. Facts**

In April of 2005, Jenkins filed her 2004 Personal Income Tax Return with the Internal Revenue Service ("IRS") which showed a net loss of $546,099 with no taxes due (see attached Exhibit A, ¶ 2). In September of 2007, Jenkins was contacted by the IRS regarding taxes due on her 2004 Personal Income Tax Return. Immediately thereafter, she contacted the IRS and was told by an IRS representative that the alleged tax liability for the 2004 return was an error and no taxes were owed. This was confirmed through a fax Jenkins received from the IRS, including an IRS Tax Return Transcript that reflected data from the original 2004 return. The IRS representative indicated to Jenkins that the matter was closed and she never received any further notice, correspondence or other document from the IRS until June of 2008. (Exhibit A, ¶ 3; Exhibit B).

In June 2008, Jenkins received a letter dated 5/29/08 from the IRS of a Final Notice of Intent to Levy. (Exhibit C). Between September 2007 and June 2008, Jenkins received no correspondence or other notice from the IRS regarding the 2004 tax return, including any notice

of a deficiency. (Exhibit A, ¶ 5). Upon receiving the Notice of Intent to Levy on June 27, 2008, Jenkins requested a collection due process hearing before the IRS and requested all IRS information relating to the alleged tax deficiency. (Exhibit A, ¶ 6; Exhibit D).

Despite not receiving any notice of the assessment by the IRS prior to instituting a collection procedure, and requesting a collection due process hearing before the IRS, Jenkins received a letter dated July 8, 2008 from the IRS indicating a federal tax lien on her assets and she was alerted by Bank of Newport of the Summons that was issued to it by the IRS. (Exhibit A, ¶ 7; Exhibit E). On July 12, 2008, a new account transcript was provided to Jenkins showing an account balance of $242,239.56 based upon taxable income of $1,174,341. Further, the account transcript indicated that an Amended Return was filed on October 3, 2006 and that an additional tax was assessed on 5/14/07 in the amount of $208,569.20. Jenkins did not file the Amended Tax Return and had no knowledge of it. (Exhibit A, ¶ 8; Exhibit F).

Despite numerous requests, the IRS has not provided Jenkins with the Amended Return reflected in Exhibit F that was allegedly filed on October 3, 2006, nor with any notice that an additional tax was assessed on May 14, 2007 as reflected in Exhibit F.

Although Jenkins requested a collection due process hearing, the hearing has not been scheduled as yet. In addition, the Amended Return reflected in Exhibit F has never been provided to Jenkins, nor has any notice of tax assessment been provided to Jenkins. Jenkins has repeatedly requested the alleged tax return and paid the required fees to obtain the document. The IRS has not provided Jenkins with any information related to the assessment of the additional tax of $208,569.20 on 5/14/07 as reflected in Exhibit F. (Exhibit A, ¶ 9).

When Jenkins spoke with Dennis Weinstein, IRS revenue officer to find out the basis for the IRS' allegations that amounts were owed by Jenkins for 2004 income, Weinstein told Jenkins

that the assessment was the result of a 1099 issued by her company, Locke Capital Management. Locke Capital Management has never issued a 1099 to anyone, including Jenkins. (Exhibit A, ¶ 10). According to Exhibit F, a 1099 and/or a K-1 of $145,707 was allegedly issued to Jenkins. However, Jenkins' loss in her 2004 tax return was $546,099 and even with income of $145,000, such would not convert into a tax liability of $208,569.20. Further, the new account transcript, Exhibit F, indicates a taxable income of $1,174,341 when the tax return Jenkins filed showed a loss of $546,099. The IRS has not explained where this amount came from, nor why this information was not provided to her and was not included on the tax return transcript she was provided by the IRS on September 17, 2007. (Exhibit A, ¶ 11-13; Exhibit F).

Despite cooperating with the IRS, the IRS has not provided information requested by Jenkins regarding this alleged tax liability. Further, the IRS did not follow proper process and procedure when assessing this alleged tax liability against Jenkins and provided her with no notice nor any opportunity to object to the assessment, or even get clarification with respect to the alleged deficiency. Jenkins was not provided with notice of the alleged deficiency and was not provided with an appropriate time period for petitioning the tax court with respect to any alleged deficiency.

Further, as soon as Ms. Jenkins received notice of the levy and lien, she requested a hearing so the underlying issues could be addressed. She then received notice that the IRS was proceeding with collections of a deficiency of which she had no opportunity to defend herself or to even question.

## II. Argument

Jenkins requests that the Court deny the Motion to Dismiss on the following bases:

a. There are sufficient facts that are in dispute outside of the pleadings to preclude the granting of the Motion to Dismiss;

b. The IRS is precluded from commencing collections as the underlying process and procedure utilized by the IRS in the deficiency proceeding was defective and contrary to the Internal Revenue Code ("IRC"); and

c. The commencement of a collection proceeding when the underlying alleged deficiency is in dispute is premature.

### a. There are sufficient facts that are in dispute outside of the pleadings to preclude the granting of the Motion to Dismiss.

In ruling on a Motion to Dismiss, the Court must accept the allegations of the Complaint as true. Thompson Trading Ltd. v. Allied Lyons PLC, 123 F.R.D. 417 (D.R.I. 1989). The United States has attached an Affidavit of the Revenue Officer to the Motion to Dismiss, necessitating the Court to consider materials outside of the Petition filed by the Petitioner. Although the United States argues that case law supports its contention that the Court may review evidence outside of the pleadings with respect to an allegation of lack of subject matter jurisdiction, the United States' argument is flawed. Significantly, the declaration of Dennis Weinstein has numerous "declarations" that are in dispute by the Petitioner. First, the declaration on numerous occasions indicates that the collection activities are "related to federal income tax liability of Leila Jenkins for tax year 2004." (Government Exhibit 1, ¶ 2). In fact, the tax liability is in dispute and Mr. Weinstein was well aware of that fact when he signed the declaration. Second, the declaration indicates that on July 14, 2007 and August 25, 2007, "notices" were issued informing Ms. Jenkins of "third-party contacts." According to Ms.

Jenkins' Affidavit, she never received such "notices" and Mr. Weinstein has not provided information to Ms. Jenkins concerning where such notices were allegedly sent, despite requests for such information. Third, the declaration indicates that the IRS will "use assets to satisfy the federal income tax liability owed by Ms. Jenkins." In fact, Ms. Jenkins disputes any federal income tax liability and the right of the IRS to locate her assets at this time. (Exhibit 1, ¶8). Finally, paragraph 10 of Mr. Weinstein's declaration states "all administrative steps required by the Internal Revenue Code for the issuance of a summons … has been taken." In fact, as will be discussed below, the entire process and procedure utilized by the IRS was contrary to the IRC with respect to the underlying deficiency proceeding in order to proceed to collections and the issuance of the summons.

The declaration of Mr. Weinstein should not be considered by the Court and has no relevance to the issue of subject matter jurisdiction. Ms. Jenkins' Petition states that there is a dispute with regard to the alleged tax liability and that she never received notice of any assessment. The IRS cannot move forward with a collection proceeding when it did not provide notice to the taxpayer of the underlying matter.

Further, Ms. Jenkins has not had the opportunity to cross-examine Mr. Weinstein or to provide evidence contradictory to Mr. Weinstein's allegations and should be allowed to do so with respect to the collection proceeding.

Ordinarily, a court may not consider any documents that are outside of the Complaint when deciding a Motion to Dismiss. Barkan v. Dunkin Donuts, Inc., 520 F.Supp. 2d 333 (D.R.I. 2007). Plaintiff's Petition states that "Ms. Jenkins was not aware of these alleged tax deficiencies." (Petition at ¶ 3). Further, the petition states that she requested a collection due process hearing before the IRS "to investigate the accuracy of the alleged tax deficiency."

(Petition ¶ 5). The Petition further states that Jenkins has requested documentation from the IRS and that there was an improperly filed income tax return that was not prepared by her. (Petition ¶ 6, 7). All of these facts are substantiated by Ms. Jenkins' Affidavit, contrary to the allegations set forth in Mr. Weinstein's declaration.

For the foregoing reasons, the Court should not consider Mr. Weinstein's declaration in determining the Motion to Dismiss. Further, the Petition sufficiently sets forth allegations that the underlying process was defective and the issuance of the summons should not go forward at this time. Finally, there are sufficient facts in dispute and presented in the Petition to preclude the dismissal of the Petition.

**b. The IRS is precluded from commencing collections as the underlying procedure utilized by the IRS in the deficiency proceeding was defective and contrary to IRC.**

As stated above and as is evidenced by the Affidavit of Jenkins, Jenkins never received any notice of the underlying deficiency proceeding. Although she did receive information from the IRS concerning a payment issue, she contacted the IRS and the IRS forwarded to her in September, 2007, a record of her tax account that does not include any indication that an amended return was filed in October, 2006. (Exhibit B). At that time, the IRS told her that no tax was due and owing.

Jenkins has no knowledge of what transpired between September, 2007 and receiving the final notice of intent to levy and requesting a due process collection hearing in June, 2008. The IRS has not provided her with any information to this effect, including the alleged Amended Return and any alleged notices of deficiency.

IRC Section 6212(a) Notice of Deficiency requires the IRS to "send notice of such deficiency to the taxpayer by certified mail or registered mail." Section 6212(c) states: "if the

secretary has mailed to the taxpayer a notice of deficiency … and the taxpayer files a Petition with the Tax Court … the secretary shall have no right to determine any additional deficiency…"

IRC Section 6213(a) states that

> "no assessment of a deficiency in respect of any tax imposed and no levy or proceeding in court for its collection shall be made, begun or prosecuted until such notice [of deficiency] has been mailed to the taxpayer, nor until the expiration of such 90-day period [for petitioning the Tax Court thereafter]… nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final."

Jenkins denies that she received any notice of deficiency in this matter. Further, she has not received any information requested from the IRS with respect to the alleged notices sent to her.

Accordingly, because the IRS failed to follow proper procedure regarding providing a notice of deficiency, which was alleged by Petitioner in the Petition, the Motion to Dismiss should be denied.

The IRS should not be able to begin a collection process against a taxpayer when it failed follow its own Code in providing notice to the taxpayer. This proceeding is prejudicial to the Petitioner as the IRS is seeking to find out confidential information concerning her finances when it has utilized improper procedure to assess the alleged tax deficiency. It is incomprehensible that the IRS will not work with the taxpayer to find out the true root cause of the issues presented before it issues a summons to banks seeking her personal information. Further the IRS has not agreed to provide the information upon which it relies to Jenkins, so Jenkins can see and evaluate the IRS' position and inform the IRS of the truth surrounding the allegations. Starting a collection proceeding before the dispute is resolved is costly, a waste of resources and embarrassing and harassing to the taxpayer.

Accordingly, the United States' Motion to Dismiss should be denied.

**c. The commencement of the collection proceeding when the underlying assessment is in dispute is premature.**

As stated above, commencing a collection proceeding, and expending resources to gather information when the underlying action is in dispute, is premature. As stated previously herein, Jenkins never received proper notice of the underlying proceeding, and in fact, was informed by the IRS in September, 2007 that no payment was due. This was subsequent to the alleged Amended Return being filed in October, 2006. Jenkins never had the opportunity to present any information concerning the alleged deficiency prior to the commencement of the collection proceeding. As stated above, this was contrary to the IRC.

Since Jenkins has requested a hearing with respect to the deficiency and collections process, it is a waste of time and resources by the IRS, Bank of Newport (and any other financial institutions) and Jenkins to commence collection proceedings. The IRS should stay the collection process until the underlying matter is resolved. If Jenkins prevails in the underlying matter, then the IRS has no right to proceed or to obtain any information concerning her bank accounts at Bank of Newport or any other institution. This entire process has been embarrassing to Ms. Jenkins and she has expended unnecessary resources to right a wrong committed by the IRS. Even worse, the IRS has not given her the basic courtesy of providing her with the information upon which it relies in commencing this entire process.

Jenkins is willing to continue to cooperate with the IRS, but is distressed by the lack of cooperation and response given to her by the IRS. The IRS' present position is wasting time and resources. The IRS could resolve this dispute if it would agree to delay the collection proceeding until after the issues are resolved between the parties in the underlying action. No prejudice would come to the IRS by agreeing to delay the collection action until the issues that have been raised by Ms. Jenkins in this matter have been resolved. If the IRS prevails in the underlying

matter after proper process and procedures are completed, the IRS will have every right at that point in time to move forward with issuing summons to obtain information regarding Ms. Jenkins' assets to satisfy any proper deficiency. To do so at this time borders on harassment.

There is no urgency presented by the IRS to begin collections at this time, particularly when Jenkins has raised serious issues and concerns regarding the collection process. The IRS will not be prejudiced by a delay in the collections process in order to resolve the serious concerns raised by Jenkins. The IRS has the ability to begin the collections process and gathering information once the issues are resolved. To allow the IRS to gather confidential information of a taxpayer when it has not followed proper procedure with respect to the underlying action would be no different than allowing the IRS to issue a summons requesting information from bank accounts of any citizens, whether or not an assessment is legally appropriate.

Accordingly, Jenkins request that this Court grant the Petition and quash the summons at this time.

**III. Conclusion**

For the forgoing reasons, Petitioner, Leila Jenkins, hereby requests that this Court grant the Petition and grant her Motion to Quash the summons issued to Bank of Newport.

Respectfully submitted,
Leila Jenkins,
By her attorneys,

/s/ Linn F. Freedman
Linn F. Freedman (#4778)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1108
Fax: (866) 807-6614
Email: lfreedman@nixonpeabody.com

Dated: August 25, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of August, 2008, I electronically filed the within Memorandum in Support of Objection to United States' Motion To Dismiss Petition to Quash Summons with the United States District Court for the District of Rhode Island. The following parties have received notice electronically:

Ly T. Nguyen, Esq.
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Email: ly.nguyen@usdoj.gov

Girard A. Galvin, Esq.
Corcoran, Peckham, Hayes & Galvin, PC
31 America's Cup Avenue
Newport, RI 02840
Email: ggalvin@cphglaw.com

/s/ Linn F. Freedman