IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

In re: BANK OF NEWPORT SUMMONS ) MISC. NO. 08-57S

**UNITED STATES' REPLY TO PETITIONER'S OBJECTION TO UNITED STATES' MOTION TO DISMISS PETITION TO QUASH SUMMONS**

COMES NOW, the United States of America, and submits the following reply to Petitioner's Objection to the United States' Motion to Dismiss Petition to Quash Summons.

**I. The Court May Properly Consider Weinstein's Declaration in Ruling Upon the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Petitioner argues that the Court cannot consider Weinstein's Declaration in ruling on the United States Motion to Dismiss for Lack of Subject Matter Jurisdiction because it is a document outside of the pleadings. Petitioner cites to Barkan v. Dunkin Donuts, Inc., 520 F.Supp.2d 333 (D.R.I. 2007), in arguing that, "[o]rdinarily a court may not consider any documents that are outside of the Complaint when deciding a Motion to Dismiss." (Pet.'s Mem. Opp. Mot. to Dismiss at 5.) Petitioner's citation to Barkan is misplaced. In Barkan, the defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Here, the United States is moving to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. As noted by the United States in its Memorandum Supporting its Motion to Dismiss, matters outside the pleadings can be presented to and considered by the court in ruling upon a motion to dismiss for

lack of subject matter jurisdiction. See Gonzales v. United States, 284 F.3d 281, 288 (1st Cir. 2002); Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 37 (1st Cir. 2000); Miller v. George Arpin & Sons, Inc., 949 F. Supp. 961, 966 n. 8 (D.R.I. 1997) ("A court may consider affidavits, deposition testimony, and other extra-pleading material to determine whether subject matter jurisdiction exists."); Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 51 (1st Cir. 1992) ("District courts have wide discretion to determine which procedures to employ in resolving the jurisdictional issue.") .

## II. As Petitioner Does Not Dispute that the United States Has Not Waived Its Sovereign Immunity, the Petition to Quash Summons Should Be Dismissed

Although Petitioner elaborates at length on the merits of her claim, Petitioner does not dispute that the United States has not waived its sovereign immunity. Moreover, Petitioner fails to explain how she has standing to bring an action to quash a summons issued to a third-party in aid of collection. As Petitioner bears the burden of showing that the United States has waived its sovereign immunity, see Hill v. United States, 571 F.2d 1098, 1102-03 (9th Cir. 1978) Keesee v. Orr, 816 F.2d 545, 547 (10th Cir. 1987), and has failed to do so, the Petition should be dismissed for lack of subject matter jurisdiction.

## III. As Petitioner Does Not Dispute that the Court Lacks Personal Jurisdiction Over the United States Because the United States Has Not Been Named a Party to this Action and the United States Has Not Been Served Pursuant to Federal Rule of Civil Procedure 4(I), the Petition to Quash the Summons Should be Dismissed

______Petitioner does not dispute that she failed to name the United States as party to this action and that she failed to properly serve the United States under Federal Rule of Civil Procedure 4(I). Because Petitioner failed to effect service as required by Rule 4(I), this Court lacks personal jurisdiction over the United States and the case must be dismissed. See Micklus v. Carlson, 632

F.2d 227, 240 (3d Cir. 1980); Relf v. Gasch, 511 F.2d 804, 807-08 (D.C. Cir. 1975).

## IV. The Internal Revenue Service is Not Precluded from Issuing a Third–Party Summons.

Petitioner argues that the Internal Revenue Service ("IRS") is precluded from issuing a third-party summons because the IRS did not mail her notice of deficiency pursuant to I.R.C. § 6213(a). This new argument, which was not raised in her Memorandum in Support of Her Motion to Quash Summons, is without merit.

A deficiency is the amount of tax imposed less any amount that may have been reported by the taxpayer on his return. I.R.C. § 6211(a). Thus, the amount reported on Petitioner's Amended Return is not a "deficiency" under I.R.C. § 6211(a). Accordingly, no notice of deficiency is required to be issued. In Daniels v. United States, 77 Fed. Cl. 251 (Fed. Cl. 2007), the court explained:

> In the instant case the IRS did not impose additional liabilities upon plaintiffs, and the tax assessed was the amount reported in plaintiffs' tax return. Because by definition, no deficiency existed, although plaintiffs had not paid the full amount of assessed liability as reported on their 2000 return, no deficiency notice issued, and plaintiffs were unable to bring suit in response to a notice of deficiency. Plaintiffs may be entitled to file a collection due process action pursuant to I.R.C. § 6330 or § 6320 after mandated notification of government lien or levy.[1]

Id. at 255. Even assuming that the IRS was required to issue her a notice of deficiency, the Court still does not have subject matter jurisdiction in this case. See also Wells v. United States, No.

---

[1] In this case, Petitioner will have an opportunity to be heard and contest her underlying tax liability as she has filed a collection due process action after the notification of the IRS's lien and intent to levy. See I.R.C. § 6330(c)(2)(B) ("The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.") If she is not satisfied with the collection due process determination, then she can appeal such determination to the Tax Court. See I.R.C. § 6330(d)(1).

94-0288-EJG PAN, 1995 WL 411204 (E.D. Cal. Dec. 7, 1994) (recommending that petition to quash IRS summons issued to third-party be dismissed for lack of subject matter jurisdiction despite petitioner's claim that she never received notice of deficiency) (adopted in full by district court judge) (attached as Ex. 1).

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000(ph)/401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

**CERTIFICATION OF SERVICE**

I hereby certify that on this 28th th day of August, 2008, I caused to be electronically filed the within Motion to Dismiss and Memorandum in Support of Motion to Dismiss, with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participant(s), as identified on the Notice of Electronic Filing, have received notice electronically:

Linn Freedman
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903

Girard A. Galvin
Corcoran Peckham, Hayes & Galvin, PC
31 America's Cup Avenue
Newport, RI 02840

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000(ph)/401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov