UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

In re: BANK OF NEWPORT SUMMONS : MC 08-57 S

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

This is a miscellaneous proceeding in which Petitioner Leila Jenkins ("Petitioner") seeks permission to file a motion to quash a summons served upon Bank Newport by an officer of the Internal Revenue Service ("IRS"). See Miscellaneous Petition (Doc. #1) ("Petition"). The summons seeks confidential bank account information of Petitioner. See id. at 1. The United States has moved to dismiss the Petition for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and also for lack of personal jurisdiction pursuant to Rule 12(b)(2). See United States' Motion to Dismiss Petition to Quash Summons (Doc. #4) ("Motion to Dismiss" or "Motion"). The Motion to Dismiss has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). A hearing was held on August 29, 2008. For the reasons stated herein, I recommend that the Motion be granted and that the Petition be dismissed.

**Law**

"The district courts of the United States are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007)(quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673 (1994)). If jurisdiction is challenged, the party invoking jurisdiction of a federal court has the burden of proving its existence. See

Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996); Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). When ruling on a motion to dismiss under Rule 12(b)(1), the court is required to construe the complaint liberally in favor of the plaintiff. Aversa, 99 F.3d 1209-10.

It is well settled that the United States is immune from suit unless sovereign immunity has been waived. Nickerson v. United States, 513 F.2d 31, 32 (1st Cir. 1975); see also Loeffler v. Frank, 486 U.S. 549, 554, 108 S.Ct. 1965 (1988)("Absent a waiver of sovereign immunity, the Federal Government is immune from suit.")(citing United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767 (1941)). It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued. Lewis v. Hunt, 492 F.3d 565, 571 (5th Cir. 2007); Inter-Coastal Xpress, Inc., 296 F.3d 1357, 1373 (Fed. Cir. 2002); see also United States v. Nordic Village, Inc., 503 U.S. 30, 34, 112 S.Ct. 1011 (1992)("the Government's consent to be sued must be construed strictly in favor of the sovereign and not enlarge[d] ... beyond what the language requires")(alterations in original)(internal quotation marks and citations omitted); United States v. King, 395 U.S. 1, 4, 89 S.Ct. 1501 (1969)(holding that a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed").

**Discussion**

The Internal Revenue Code ("IRC") provides authority for the issuance of third party summonses in aid of the IRS's income and collection activities. See I.R.C. § 7602. When a summons is issued to a third-party, the issuing agent is required to give notice to persons "identified in the summons" under certain circumstances. See I.R.C. § 7609(a). As a basis for this

Court's jurisdiction, Petitioner appears to rely upon I.R.C. § 7609(b)(2) which provides that any person who is entitled to notice of a summons issued to a third party has the right to intervene and begin a proceeding to quash the summons. See Leila Jenkins' Memorandum in Support of Motion to Quash Summons ("Petitioner's Mem. Re Motion to Quash") at 2. However, the Government contends that the agent issuing the summons is not required to give notice where a summons is "issued in aid of collection of ... an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." Memorandum in Support of United States' Motion to Dismiss Petition to Quash Summons ("Government Mem.") at 5 (quoting I.R.C. § 7609(c)(2)(D))(alteration in original). In this case, the Government states it is undisputed that the summons in question was issued to a third party in aid of collection of the tax liabilities of Petitioner. See id. at 6 (citing Declaration of Revenue Officer Dennis Weinstein ("Weinstein Decl.") ¶ 2). Thus, the Government argues that because § 7609(b) does not apply to any summons issued in aid of collection, and no other statute waives sovereign immunity for the instant suit, the action should be dismissed for lack of jurisdiction. See id. at 7.

The case law supports the Government's position. See Barmes v. United States, 199 F.3d 386, 390 (7th Cir. 1999)("We agree with the Tenth Circuit that as long as the third-party summons is issued to aid in the collection of any assessed tax liability the notice exception applies. Consequently, the IRS did not have to notify the Barmeses regarding the summons served on Community Bank."); Davidson v. United States, No. 97-1244, 1998 WL 339541, at *2 (10th Cir. June 9, 1998)(unpublished decision)("A person has the right to bring a proceeding to quash a summons only if he or she is entitled to notice. 26 U.S.C. § 7609(b)(2). Thus, if

a summons is issued in aid of collection, no notice is required, and the district court does not have subject matter jurisdiction over a petition to quash the summons."); Rosingana v. United States, No. Misc. S-07-88 LEW KJM, 2008 WL 183502, at *1 (E.D. Cal. Jan. 18, 2008)(finding that petitioner has no standing to bring action to quash summons where revenue officer submitted affidavit stating that the summons was in aid of collection); Sherbondy v. United States, Civil Action No. 07-cv-01426-JLK-MEH, 2007 WL 2889447, at *1 (D. Colo. Sept. 27, 2007)("Because the summons was issued in aid of collection activities for taxes already deemed to be owed, neither Mr. Sherbondy nor his wife was entitled to notice of the summons under 26 U.S.C. § 7602(c)(2)(D) and Mrs. Sherbondy lacks standing to challenge it."); Holland v. United States, No. 05-CV-135-CVE-PJC, 2005 WL 2176111, at *5 (N.D. Okla. Aug. 8, 2005)(holding that because plaintiff was "not a person 'entitled to notice of a summons' under § 7609(a), he may not bring a proceeding to quash the summons"); Wells v. United States, No. 94-0288-EJG PAN, 1995 WL 411204, at *1 (E.D. Cal. Dec. 7, 1994)("26 U.S.C. § 7609(h) confers subject matter jurisdiction upon the district court of a proceeding to quash such a summons but not if the summons was issued in aid of the collection of the liability of any person against whom an assessment has been made or judgment rendered."); Comm'r of IRS v. Hayes, 631 F.Supp. 785, 787 (N.D. Cal. 1985)("Since the summons at issue in the present case clearly represents an attempt to collect on the petitioners' tax liability for the assessed years of 1979 and 1980, it squarely falls within the exception to the notice requirements set forth in subsection (c).").

Petitioner argues that the Court should not consider the Weinstein Decl., contending that "ordinarily, a court may not consider any documents that are outside of the Complaint when

deciding a Motion to Dismiss." Memorandum in Support of Objection to United States' Motion to Dismiss Petition to Quash Summons ("Petitioner's Mem. Re Dismissal") at 5 (citing Barkan v. Dunkin Donuts, Inc., 520 F.Supp.2d 333, 335 (D.R.I. 2007)). However, the Barkan case which Petitioner cites for this proposition dealt with a motion to dismiss pursuant to Rule 12(b)(6). See Barkan, 520 F.Supp.2d at 335. Here the United States is moving to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. See Motion to Dismiss. In deciding such a motion matters outside the pleadings can be presented and considered by the court. See Gonzales v. United States, 284 F.3d 281, 288 (1st Cir. 2002); Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 37 (1st Cir. 2000)(stating that in considering Rule 12(b)(1) motions the court "may consider extrinsic materials"); Miller v. George Arpin & Sons, Inc., 949 F.Supp. 961, 966 n.8 (D.R.I. 1997)("A court may consider affidavits, deposition testimony, and other extra-pleading material to determine whether subject matter jurisdiction exists."); see also Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 51 (1st Cir. 1992)("District courts have wide discretion to determine which procedures to employ in resolving the jurisdictional issue."); Thompson Trading Ltd. v. Allied Lyons PLC, 123 F.R.D. 417, 421 (D.R.I. 1989)("[I]t appears that in practice First Circuit district judges regularly consider affidavits and the like in ruling on motions to dismiss on jurisdictional grounds. This Court concludes that such an approach is sound."). Accordingly, Petitioner's objection to the consideration of the Weinstein Decl. is overruled.

The Government also argues that the Court lacks personal jurisdiction over the United States because it has not been named as a party to this action and the United States has not been served pursuant to the Federal Rules of Civil Procedure. See

Government Mem. at 7. Petitioner does not appear to dispute that she has neither named the United States as a party nor effected service upon the United States in accordance with Rule 4(I). Accordingly, I find that this Court lacks personal jurisdiction over the United States and that this case should be dismissed on that additional ground.

**Summary**

Although Petitioner argues at length the merit of her claim, she has not persuaded the Court that subject matter jurisdiction exists or that the United States has waived its sovereign immunity. Petitioner also appears to concede that the Court lacks personal jurisdiction over the United States because the United States has not been named as a party to this action and has not been properly served pursuant to Fed. R. Civ. P. 4(I). Accordingly, I recommend that the Motion to Dismiss be granted.

**Conclusion**

For the reasons stated above, I recommend that the Motion to Dismiss be granted. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10)[1] days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
September 3, 2008

[1] The ten days do not include intermediate Saturdays, Sundays, and legal holidays. See Fed. R. Civ. P. 6(a).